HOWES
*v.*
SBT. RED CHIEF.

---

JOHN C. STEWART *v.* JOHN C. CHRISTY and the CITY OF NEW ORLEANS.

Where a party contracted to do work for the city, and the materials were furnished by a third person —*Held:* That the notification of the contractor's order upon the Comptroller for a warrant in favor of the furnisher of materials, for a portion of what might be found coming to him, (the contractor,) when his account should be audited, had not the effect of making the city the debtor, in the place of the contractor.

By the Mechanics' Lien Law of 1855, p. 327, it is required that the attested account of materials furnished should be left in the hands of the owner, in all cases, by the workman or material man, in order to bind the former.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.

*M. M. Reynolds* and *S. Livingston,* for plaintiff. *J. J. Michel, A. J. Villeré* and *J. C. Bolling,* for defendants and appellants.

BUCHANAN, J. Defendant, *Christie,* had a contract with the city for building a wall around the Lafayette Cemetery, for the price of $4300. He did the work according to contract, which was accepted by the City Surveyor.

Plaintiff furnished bricks and sand to *Christie* for making said wall ; and *Christie* gave plaintiff an order upon the City Comptroller for a warrant in favor of plaintiff, for the amount of his bill, say $2256 35, on account of the amount that would be due him, *Christie,* on the completion of his contract.

The Comptroller's clerk registered this order on his books, but did not give plaintiff a warrant.

Plaintiff now sues the city and *Christie,* and has judgment of the District Court against them *in solido,* from which the city appeals.

To support this judgment, it is incumbent upon plaintiff to show, either that the city has bound itself to him directly, or that it is bound to him in law, for the payment of the materials furnished by plaintiff to *Christie* for the execution of the contract of the latter with the city.

The record furnishes no evidence of a conventional obligation on the part of the city towards plaintiff.

The notification of *Christie's* order upon the Comptroller for a warrant in favor of plaintiff, for a portion of what might be found coming to *Christie,* when his account should be audited, had not the effect of making the city the debtor of plaintiff in the place of *Christie.* It is proved by *Mr. Hitzelberger,* the Deputy Comptroller, to whom this notification was made, that he requested plaintiff to leave this order with him, as he could not do anything for him unless he did so ;

and unless he did so, he would have to give *Christie* his warrant in full. Yet, the plaintiff preferred to take away this voucher, and retain it in his own possession.

At the time this order was presented at the Comptroller's office, that officer was not authorized, as it seems from the evidence, to give a warrant as required. The mode of doing business of this kind, in the. city administration, is proved to be as follows :

Claims for work done for the city under contract, are audited and approved, in the first place, by the Committee on Streets and Landings, after a certificate of the City Surveyor, that the work has been done according to contract.

The claim thus approved is next laid before the Committee of Finance ; and if found correct by them, the two chairmen of those committees authorize the Comptroller to draw a warrant upon the Treasurer for the amount.

In this case, the City Surveyor, examined as a witness, declares that he certified the work to have been done by *Christie* according to his contract ; and that he knows that the claim of *Christie* has been approved by the Streets and Landings Committee ; but he does not know whether it was approved by the Chairman of the Finance Committee.

Neither can the city be held under the Mechanics' Lien Law of 1855, p. 327. Plaintiff has not brought himself within the provisions of that Act by *delivering* to the city of New Orleans an attested account of the materials furnished to *Christie*, as required by that Act. It is clear, from the phraseology of the first and second sections of that statute, that the attested account is to be left in the hands of the owner by the workman or material man, in order to bind the former.

In this case, it is argued that as *Christie* did not dispute the amount due by him to plaintiff for materials, that an attested account of those materials would not be necessary under the Mechanics' Lien Act ; but this does not appear to be the law. Such an account is required in all cases to bind the owner ; and the reason seems very obvious. It is a mode of preventing collusions to the prejudice of other creditors of the contractor.

On the whole, we conclude that the plaintiff has failed to make out a case, as against the city.

It is, therefore, adjudged and decreed, that the judgment of the District Court as regards the city of New Orleans, appellant, be reversed ; and that there be judgment in favor of said appellant, and against the plaintiff and appellee, as in case of nonsuit, with costs in both courts.